**RICKEY IVIE (#76864)**
rivie@imwlaw.com
**JACK ALTURA (#297314)**
jaltura@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, CA 90071
Tel:   (213) 489-0028
Fax:  (213) 489-0552

Attorneys for Defendants
**COUNTY OF LOS ANGELES, et al.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J.M. and A.E.M., minors, individually, and as successors in interest to EDUARD JESSE MATOS, by and through their Guardian Ad Litem, Janet F. Garcia, Joanna L. Garcia, an individual, and Edgar Matos, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LOS ANGELES COUNTY, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; JIM McDONNELL, an individual; ALEX VILLANUEVA, an individual; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:20-cv-05975-GW-MRW<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br>Date:　November 12, 2020<br>Time:　8:30 a.m. |

///
///
///
///

-1-

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 12, 2020 at 8:30 a.m. in Courtroom 9D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, Defendants County of Los Angeles ("COLA"), Los Angeles County Sheriff's Department ("LASD"), Jim McDonnell ("McDonnell"), and Alex Villanueva ("Villanueva") will move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following a meet and confer conference of counsel pursuant to Local Rule 7-3 on August 17, 2020.

Dated: October 13, 2020　　　　　**IVIE McNEILL WYATT PURCELL & DIGGS**

　　　　　　　　　　　　　　　　**By:** **/s/ Jack F. Altura**
　　　　　　　　　　　　　　　　　　　**RICKEY IVIE**
　　　　　　　　　　　　　　　　　　　**JACK ALTURA**
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　　COUNTY OF LOS ANGELES, et al.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is a civil rights case brought under 42 U.S.C. § 1983.  Plaintiffs allege that deputies of the Los Angeles County Sheriff's Department used excessive force to restrain Eduard Matos after he fled from deputies, resulting in his death.  The Complaint also alleges that the excessive force was caused by policies, customs, and practices of LASD and COLA.   Mr. Matos' children and parents bring this lawsuit.  This motion seeks the dismissal of claims for which Plaintiffs are not entitled to relief as a matter of law or for which Plaintiffs have failed to allege facts sufficient to state a plausible claim for relief.

Plaintiffs assert a claim for excessive force against the entity defendants LASD and COLA despite clearly established law that entity defendants may be sued only for a policy, practice, or custom (a "*Monell* claim").  LASD and COLA should be dismissed from the excessive force claim.

The Complaint alleges several *Monell* theories, however these theories are inadequately pled.  They are boilerplate allegations, devoid of factual enhancement, and do not describe the actual content of the alleged policy, practice, or custom as required by Ninth Circuit law.  They should be dismissed.

Plaintiffs also sue former Sheriff Jim McDonnell and current Sheriff Alex Villanueva in their official and individual capacities.  The sheriffs are entitled to dismissal in their individual capacity because the Complaint does not allege their personal involvement in Decedent's death.  The sheriffs are entitled to dismissal in their official capacity because they are redundant defendants; under Ninth Circuit law, the head of an agency is redundant defendant when the agency itself is also a defendant.

Finally, the claims brought under 42 U.S.C. §§ 1985, 1986, and 1988 should be dismissed.  Section 1985 creates a claim for conspiracy to interfere with civil rights, but the Complaint is completely devoid of facts plausibly stating a claim for

conspiracy. A claim under § 1986 for the failure to prevent a civil conspiracy is dependent on the existence of a claim under § 1985. As the § 1985 claim should be dismissed, so too should the claim under § 1986. Finally, § 1988 does not create independent causes of action, but rather defines procedures under which remedies may be sought in civil rights actions (i.e., attorneys' fees). Thus the claim under § 1988 should also be dismissed.

In sum, the Court should grant the motion to dismiss its entirety so that this case can proceed with discovery as to the claims for which Plaintiffs have alleged a plausible basis for relief.

## II.  STANDARD ON MOTION TO DISMISS

A complaint is subject to dismissal when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Legal conclusions couched as facts are not entitled to the presumption of truth. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.* at 557.

## III.  ARGUMENT

### A. Excessive Force

Plaintiffs' first claim for excessive force is asserted against all defendants, including the entity defendants COLA and LASD. ECF #1, 12:2. However, a public entity and its officers acting within their official capacity cannot be liable for excessive force. There is no respondeat superior liability for § 1983 claims. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Avalos v. Baca*, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) ("Under § 1983 a public entity defendant cannot be held liable for a § 1983 violation caused by an individual employee's actions

under a theory of respondeat superior.")  A plaintiff may hold a public entity liable under § 1983 only if his injury was inflicted pursuant to policy, regulation, custom, or usage.  *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994).

The excessive force claim alleges the defendants used "excessive and deadly force upon Mr. Matos while he was unarmed." ECF #1, ¶ 44.  The excessive force claim also alleges "Mr. Matos was subjected to excessive force and killed by Defendant[s'] officers and employees…" *Id.*, ¶ 47; *see also id.*, ¶ 50.  It is true that the excessive force claim refers to a "policy, custom, practice or usage," *id.*, ¶ 42, but it is clear that this claim is alleging that individual officers violated Plaintiffs' rights.  (Indeed, the Complaint contains a separate *Monell* claim.)  As a public entity may not be liable under § 1983 for the acts or omissions of its officers, COLA and LASD should be dismissed from this claim. *See e.g., Riley v. Modesto Irr. Dist.*, No. 1:10-CV-02281-AWI-GS, 2011 WL 5828195, at *3 (E.D. Cal. Nov. 18, 2011) (dismissing Fourth Amendment search and seizure claim against public entity).

### B. *Monell* Claim

Plaintiffs' claim for *Monell* liability must be dismissed in part.  The Complaint alleges three *Monell* theories: (1) allowing racial profiling and the excessive use of force on Mexican Americans, ECF #1 ¶ 58; (2) inadequately supervising deputy sheriffs, *id.*, ¶ 60; and (3) inadequately training officers on how to appropriately seize individuals, *id.*  Defendants move to dismiss the first and second theories because they are inadequately pled.

To survive a motion to dismiss, a *Monell* claim must: (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively;" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). "Facts regarding the specific nature of

the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates (i.e. excessive force) is insufficient." *Cain v. City of Sacramento*, No. 2:17-cv-00848-JAM-DB, 2017 WL 4410116, *3 (E.D. Cal. 2017) (*citing A.E.*, 666 F.3d at 637). The allegations should specify the content of the policies, trainings, customs, or practices which give rise to Plaintiff's constitutional injuries. *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013). "[M]erely stating the subject to which the policy relates (i.e. excessive force) is insufficient." *Cain*, 2017 WL 4410116, at *3.

Here, Plaintiffs' *Monell* allegations about racial profiling, excessive force, and inadequate supervision are conclusory. There are no allegations as to the specific nature of these claims. In other words, there are no allegations what about COLA's supervision of its deputy sheriffs is inadequate. Similarly, there are no allegations how COLA maintains a custom and practice of allowing racial profiling and excessive force. Without these allegations, Plaintiffs have not shown a plausible entitlement to relief.

The district court in *Wallace by & through Robinson v. City of Fresno*, No. 1:19-CV-1199 AWI SAB, 2019 WL 6170780, at *4 (E.D. Cal. Nov. 20, 2019) succinctly stated the issue.

> The FAC fails to explain how any of the above policies or customs are deficient. There are a number of ways in which training, supervision, and discipline may be 'improper' or 'ineffective.' For example, training may be ineffective because there is a complete absence of training on a particular subject, or because an incorrect standard is taught. Simply stating that something is improperly, inadequately, or ineffectively done is conclusory and does not provide sufficient notice of the aspect of the policy or custom that is unlawful or deficient.

Plaintiffs' *Monell* claim in this case suffers from the same deficiencies, which is why this claim should be dismissed.

///

///

### C. Defendants McDonnell and Villanueva

#### 1. In Their Individual Capacities

The Complaint fails to sufficiently allege a claim against McDonnell and Villanueva in their individual capacities. "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1988). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998). Plaintiffs fail to meet this standard as to McDonnell and Villanueva.

The only claim alleged against McDonnell and Villanueva in their individual capacities is for excessive force. ("*Monell* does not concern liability of individuals acting under color of state law.") *Guillory v. Orange Cty.*, 731 F.2d 1379, 1382 (9th Cir. 1984). However, the Complaint makes no allegations about McDonnell's or Villanueva's personal participation in the alleged excessive force. There are no allegations that McDonnell or Villanueva directed the force or knew that deputies were allegedly using illegal force and failed to prevent it. Therefore they are entitled to dismissal in their individual capacities.

#### 2. In Their Official Capacities

Villanueva and McDonnell are entitled to a dismissal in their official capacities because they are redundant defendants. An official is a redundant

defendant when a public entity and a public official, named in his official capacity, are defendants to the same case. *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.3d 780, 784 (9th Cir. 2008). The Supreme Court has long held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent. *Id.* "[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* An official should be dismissed from a suit where the official is named only in his official capacity and when the public entity is also named as a defendant. *Center for Bio-Ethical Reform, Inc.*, 533 F.3d at 784; *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1114 (E.D. Cal. 2012) ("Where both the public entity and a municipal officer are named in a lawsuit, a court may dismiss the individual named in his official capacity as a redundant defendant.")

Accordingly, Villanueva and McDonnell should be dismissed in their official capacities.

### D. Claims Brought Pursuant to 42 U.S.C. §§ 1985, 1986, and 1988

The Court should dismiss the claims brought pursuant to 42 U.S.C. §§ 1985, 1986, and 1988 as the Complaint fails to allege facts sufficient to state a claim for relief. *See* ECF #1, 12:3, 15:26.

42 U.S.C. § 1985 provides a cause of action for conspiracy to interfere with civil rights. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Id.* Plaintiffs' Complaint makes no reference to a conspiracy, let alone alleges sufficient facts to state a claim for conspiracy. Thus the claim brought under 42 U.S.C. § 1985 must be dismissed.

42 U.S.C. § 1986 (failure to prevent civil conspiracy) does not provide a cause of action absent a valid claim for relief under §1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Since there is no valid cause of action alleged under § 1985, the § 1986 claim must also be dismissed.

Lastly, "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Lukenbill v. Dep't of the U.S. Air Force*, No. CV F 10-1003 LJO SKO, 2010 WL 3717297, at *9 (E.D. Cal. Sept. 16, 2010) (*quoting Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988)). Thus, the claims brought under § 1988 must be dismissed and/or stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grants Defendants' Motion to Dismiss.

Dated: October 13, 2020            **IVIE McNEILL WYATT PURCELL & DIGGS**

                                   **By:   /s/ Jack F. Altura**
                                          **RICKEY IVIE**
                                          **JACK ALTURA**
                                          Attorneys for Defendants,
                                          COUNTY OF LOS ANGELES, et al.